UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MANUEL NEBAB, et al., ) | |
| ) | |
| Plaintiffs, ) | Case No.: 2:10-cv-01285-GMN-RJJ |
| vs. ) | |
| ) | **ORDER** |
| JFK FINANCIAL, INC., *doing business as* ) | |
| Equity Direct Funding, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

This lawsuit was commenced on July 20, 2010 in the Eighth Judicial District Court of Clark County, Nevada. Plaintiff pleaded no federal causes of action; instead, the Complaint contains four state law causes of action: (1) Lack of Standing to Conduct Foreclosure; (2) Fraudulent Misrepresentation, Concealment, and Inducement; (3) Unfair Trade Practices under Nev. Rev. Stat. 598D.100; and (4) Wrongful Foreclosure. Nevertheless, Defendants Bank of America Home Loans Servicing and ReconTrust Company, N.A. (collectively, "Defendants") removed this lawsuit on July 30, 2010, alleging that this Court has federal question jurisdiction under 28 U.S.C. § 1331. Defendants do not assert that the Court has diversity jurisdiction over this action. The Court finds that federal question jurisdiction does not exist in this case; therefore, the lawsuit will be remanded to state court pursuant to 28 U.S.C. § 1447(c).

**I.   SUBJECT MATTER JURISDICTION**

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and statute. *See United States v. Marks,* 530 F.3d 799, 810 (9th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994)). The party asserting federal jurisdiction bears the burden of overcoming the

presumption against it. *Kokkonen,* 511 U.S. at 377. A court may raise the question of subject matter jurisdiction *sua sponte* at any time during an action. *United States v. Moreno-Morillo,* 334 F.3d 819, 830 (9th Cir. 2003). "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514 (2006) (citing 16 J. Moore et al., Moore's Federal Practice § 106.66[1], pp. 106-88 to 106-89 (3d ed. 2005)).

A district court's jurisdiction also extends to cases removed from state court under particular circumstances. 28 U.S.C. § 1441(b) ("Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). In cases removed from state court, a federal court that finds a lack of subject matter jurisdiction does not dismiss, but must remand to state court. 28 U.S.C. § 1447(c). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.,* 553 F.3d 1241, 1244 (9th Cir. 2009). A decision to remand a case removed on any basis other than civil rights removal jurisdiction under 28 U.S.C. § 1443 "is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d).

The presence or absence of federal-question jurisdiction is generally governed by the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987). This rule makes the plaintiff the master of his complaint and permits him to avoid federal jurisdiction by relying exclusively on state law. *Id*. Thus, federal question jurisdiction is ordinarily

determined from the face of the plaintiff's complaint. *Easton v. Crossland Mortg. Corp.,* 114 F.3d 979, 982 (9th Cir. 1997).

The "artful pleading doctrine" provides a narrow corollary to the well-pleaded complaint rule. Under this doctrine, a plaintiff may not avoid federal jurisdiction by omitting from the complaint allegations of federal law that are essential to the establishment of his claim. *Lippitt v. Raymond James Financial Services, Inc.,* 340 F.3d 1033, 1041 (9th Cir. 2003). The artful pleading doctrine permits courts to "delve beyond the face of the state court complaint" and find federal question jurisdiction by recharacterizing a state-law claim as a federal claim. *Id.* The Ninth Circuit has cautioned, however, that courts should invoke the artful pleading doctrine "only in limited circumstances." *Id.* (quoting *Sullivan v. First Affiliated Securities,* Inc., 813 F.2d 1368, 1373 (9th Cir. 1987)). Accordingly, application of the artful pleading doctrine is normally limited to two types of cases: (1) those involving complete preemption; and (2) cases in which "a substantial, disputed question of federal law is a necessary element of…the well-pleaded state claim," or where the right to relief depends upon resolution of a substantial, disputed federal question. *Lippitt,* 340 F.3d at 1042-43.

In this case, Defendants do not argue in their Petition of Removal that any of Plaintiffs' state law claims are completely preempted; therefore, whether there is a federal question hinges on whether there is a substantial federal question undergirding the state law claims. The scope of this exception to the well-pleaded complaint rule is limited, for it is "long-settled . . . that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharmaceuticals Inc. v. Thompson,* 478 U.S. 804, 813 (1986). Thus, the fact that a complaint references federal law, or that the same facts would provide a basis for a federal claim does not, without more, convert a state law claim into a federal claim. *See*

*Easton,* 114 F.3d at 982 (finding no removal jurisdiction where complaint alleged violations of the federal Civil Rights Act and federal Constitution, but sought relief only under state law); *Rains v. Criterion Systems, Inc.,* 80 F.3d 339, 344-47 (9th Cir. 1996) (finding no removal jurisdiction where complaint referred to federal law to help establish a state-law claim for wrongful termination in violation of public policy and same facts could have supported a federal civil rights claim).

## II. ANALYSIS

### A. Section 598D

Defendants first argue that federal question jurisdiction attaches because Plaintiffs allege that Defendants violated Nev. Rev. Stat. § 598D.100 and a required element of Plaintiffs' section 598D claim will be a showing that Plaintiffs' loan is "a consumer transaction that constitutes a mortgage under § 152 of the Home Ownership and Equity Protection Act of 1994, 15 U.S.C. § 1602(aa), and the regulations adopted by the Board of Governors of the Federal Reserve System pursuant thereto, including, without limitation, 12 C.F.R. §226.32." Nev. Rev. Stat. § 598D.040. (Pet. for Removal 4 ¶ 13, ECF No. 1.)  In other words, Defendants are arguing that Plaintiffs' state law claim actually arises under federal law because Plaintiffs must prove that their loan was a "home loan," as defined by federal law, in order to prevail on their state law claim.

Defendants and their counsel recently made a nearly identical argument in another case in this District, and it was rejected. *See Addison v. Countrywide Home Loans, Inc.*, No. 2:10-cv-01304-LDG-PAL, 2011 WL 146516, at *3 (D. Nev. Jan. 14, 2011).  Just because section 598D incorporates HOEPA's definition of "home loan," does not mean that it implicates substantial and disputed issues of federal law. *See Hines v. Nat'l Default Servicing Corp.,* No. 3:10-cv-0674-LRH-VPC, 2010 WL 5239233, at *2 (D. Nev. Dec. 15, 2010) ("Although federal regulations are expressly noted in the Nevada statutes, these

references only provide a framework for determining the types of claims that can be brought under the state statutes."); *see also Hill v. Marston,* 13 F.3d 1548, 1550-51 (11th Cir. 1994) ("[T]he only indication of the involvement of a specific federal law in the complaint is in connection with a state statutory section that incorporates a portion of the Securities Exchange Act of 1933 . . . The fact that part of the state statutory scheme requires some analysis of federal law, however, is insufficient to invoke federal jurisdiction. . . . Thus, the complaint alleges no claims 'arising under' federal law and removal was improper."); *Mackillop v. Parliament Coach Corp.,* No. 09-cv-1939-T-23TBM, 2009 WL 3430072, at *2 (M.D. Fla. Oct. 21, 2009) ("Even though the federal standard incorporated into [the Florida Deceptive and Unfair Trade Practices Act] requires an analysis of federal law, no substantial question of federal law exists."); *id* . ("No federal question jurisdiction exists by virtue of the plaintiff's bringing a claim under a section of the [Florida Deceptive and Unfair Trade Practices Act] that incorporates a federal standard.").

Defendants' assertion that "[t]his Court routinely handles Section 598D claims" and citation to *Aguilar v. WMC Mortgage Corp.*, No. 2:09-cv-01416-ECR-PAL, 2010 WL 185951 (D. Nev. Jan. 15, 2010), (Pet. for Removal 4 ¶ 13, ECF No. 1), do nothing to support their argument that federal question jurisdiction exists in this case merely because Plaintiffs have brought a section 598D claim.  In *Aguilar*, there was federal question jurisdiction because the plaintiffs explicitly pleaded violations of the Real Estate Settlement and Procedures Act ("RESPA") and the Truth in Lending Act ("TILA"), and the Court appears to have merely exercised supplemental jurisdiction over the state law claims--including section 598D--pursuant to 28 U.S.C § 1367. (*See* Notice of Removal, ECF No. 1, 2:09-cv-01416-ECR-PAL.)  Nowhere is there an indication that the Court had federal question jurisdiction based on the plaintiffs' section 598D claims.  Indeed, the

Order from Judge George that Defendants cite in their Petition for Removal--but fail to attach[1]--explicitly lists claims arising under Nev. Rev. Stat. § 598D as state law claims over which the Court exercises mere supplemental jurisdiction. (*See* Order, Sept. 25, 2009, ECF No. 36, 2:09-cv-00078.)

In light of the foregoing, this Court finds that Defendant has not met their burden of proving that this court has removal jurisdiction based on Plaintiffs' section 589D claim.

### B. Fraudulent Misrepresentation, Concealment, and Inducement

Defendants contend that "Plaintiffs' fraud claim is also a federal claim in disguise" and that it "is actually premised on the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA")." (Pet. for Removal 4 ¶ 14, ECF No. 1.) In support of this contention, Defendants cite to paragraphs 23, 24, 47, and 49 of the Complaint. Paragraphs 23 and 24 are under the heading "General Allegations." Paragraph 23 alleges, in relevant part, "that a Good Faith Estimate was provided but additional funds were required for the sale to close," and paragraph 24 alleges that plaintiffs were deprived "of the three-day rescission period." (Compl. ¶¶ 23-24, Ex. B, ECF No. 1.) Defendants argue that the "Good Faith Estimate" language necessarily implies that a RESPA violation is at issue in this case because 12 U.S.C. § 2604(c)-- which is part of RESPA--requires a good faith estimate of the amount or range of charges the borrower is likely to incur. (Pet. for Removal 5 ¶ 14, ECF No. 1.) They also argue that the "three-day rescission period" refers to the period set forth in TILA. (*Id.*)

Paragraphs 47 and 49 both fall under the "Fraudulent Misrepresentation, Concealment, and Inducement" heading. Neither TILA, nor RESPA is explicitly

---

[1] Whereas the Petition for Removal cites to an Order from Judge George dated September 24, 2009 (Pet. for Removal 4 ¶ 10, ECF No. 1), the Order erroneously attached as Exhibit A is dated September 28, 2009. The instant Order refers to the correct Order, dated September 24, 2009.

1 mentioned under this heading.  Defendants summarize Plaintiffs' allegations in
2 paragraphs 47 and 49 as "Plaintiffs contend the Defendants defrauded them by failing to
3 provide 'accurate, truthful, and complete information' based on which they were 'forced
4 to close' or lose their deposit." (Pet. for Removal 5 ¶ 14, ECF No. 1.)  Defendants claim
5 that such allegations are premised on TILA and RESPA because "[b]oth TILA and
6 RESPA concern what disclosures must be made prior to making a mortgage loan." (Pet.
7 for Removal 5 ¶ 14, ECF No. 1.)

8 However, the scope of Plaintiffs' fraudulent misrepresentation, concealment, and
9 inducement claim is far broader than one would glean from only reading Defendants'
10 Petition for Removal.  Plaintiffs allege that they were misled by some of the named
11 defendants with an inflated purchase price, a fraudulent appraisal, and a "sales pitch" that
12 convinced the Plaintiffs that the property was properly valued for the subject loan.
13 (Compl. ¶ 46, Ex. B, ECF No. 1.)  Plaintiffs also allege that Defendants breached their
14 duty to provide accurate, truthful and complete information that they would understand,
15 considering the Plaintiff's limited understanding and training in such matters. (Compl. ¶
16 47, Ex. B, ECF No. 1.)  Similarly, Plaintiffs claim that Defendants "failed to provide the
17 information necessary for Plaintiffs to make a complete[,] accurate and well-thought
18 decision on these financial issues." (Compl. ¶ 47, Ex. B, ECF No. 1.)  Plaintiffs further
19 allege that, despite agreeing to act fairly and in good faith without seeking an undue
20 advantage, Defendants forced Plaintiffs to close the purchase with the threat that
21 Plaintiffs would lose the entire $87,018.03 deposit if the deal fell through. (Compl. ¶ 49,
22 Ex. B, ECF No. 1.)  Finally, Plaintiffs allege that one of the named defendants
23 fraudulently took a loan out of the escrow involved in the purchase of the home, and that
24 loan was never repaid. (Compl. ¶ 50, Ex. B, ECF No. 1.)

25 Even if the allegations concerning the duty to provide "accurate, truthful, and

complete" information were generously read as invoking TILA, it is clear that Plaintiff's claim of fraudulent misrepresentation, concealment, and inducement is based on far more theories of relief than just those allegations.  Thus, "this court cannot say that [Plaintiffs'] right to relief *necessarily* depends upon construction of a substantial question of any federal law," *Ultramar America Ltd. v. Dwelle*, 900 F.2d 1412, 1414 (9th Cir. 1990), and remand is required.  "The fact that an alternative theory of relief exists for each claim alleged in the complaint, one not dependent on federal law, is itself grounds to defeat federal question jurisdiction." *Id.; see Martynov v. Countrywide Financial Corp.*, No. 2:09-cv-03596-GEB-GGH, 2010 WL 1644570, at *2 (E.D. Cal. Apr. 21, 2010).

Because federal question jurisdiction does not exist under either of the theories set forth in Defendants' Petition for Removal, the Court must remand the case.

## **CONCLUSION**

**IT IS HEREBY ORDERED** that this case is REMANDED to the Eighth Judicial District Court of Clark County, Nevada.  The Court Clerk is directed to mail a copy of this Order to the clerk of that court.

DATED this 16th day of March, 2011.

_____
Gloria M. Navarro
United States District Judge